| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

HANZHA DARBY, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:20-CV-317
§
ADMIN. WARDEN SHULTS, *et al.*, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Hanzha Darby, an inmate formerly confined at the United States Penitentiary located in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit. Plaintiff's lawsuit was dismissed for failing to exhaust administrative remedies and for want of prosecution.

Plaintiff has filed two motions seeking relief from the judgment entered in this action. Plaintiff's first motion is a motion to reopen the case (#13) in which he asserts he was prevented from filing objections to the Report of the magistrate judge due to a hurricane and his subsequent transfer to another facility. Additionally, plaintiff filed a motion pursuant to Rule 59(e) (#14) in which he asserts "[t]he court made a manifest error."

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

  (A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Plaintiff did not file his Rule 59(e) motion until almost one year after the judgment was entered. Accordingly, plaintiff's motion is untimely and should be denied.

Rule 60, FED. R. CIV. P., provides in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In his motion to reopen the case pursuant to Rule 60(b), plaintiff asserts he was prevented from filing objections to the Report of the magistrate judge due to a hurricane and his subsequent transfer to another facility. After careful consideration of the circumstances in this case, the court is of the opinion that plaintiff's Rule 60(b) motion warrants relief from the judgment and plaintiff should be provided an additional opportunity to prosecute his lawsuit. Accordingly, plaintiff's motion should be granted, and the case should be reinstated on the court's active docket.

## ORDER

For the reasons set forth above, plaintiff's motion to alter or amend judgment should be denied. Plaintiff's motion for relief from the judgment pursuant to Rule 60(b), however, should be granted and the case should be reinstated on the court's active docket. It is

**ORDERED** that plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) (#14) is **DENIED**. It is further

**ORDERED** that plaintiff's motion for relief from judgment filed pursuant to Rule 60(b) (#13) is **GRANTED**. The Clerk of Court is **DIRECTED** to reinstate the above-styled action on the court's active docket.

SIGNED at Beaumont, Texas, this 24th day of May, 2022.

*/s/ Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE